# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION



| | |
|---|---|
| EDWARD STALEY, | )<br>) |
| Petitioner, | )<br>) |
| v. | ) Case No. CV405-64<br>) |
| HILTON HALL, | )<br>) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner has filed a motion for the Court to calculate the correct maximum release date for his state sentences. His motion was filed during the pendency of his 28 U.S.C. § 2254 habeas corpus petition. His motion is styled as an alternative remedy should other relief be denied. The Court will treat the motion as a part of his § 2254 petition.

For an inmate sentenced by a Georgia state court, the appropriate procedure for seeking a correct computation of the maximum release date of the state sentence is to file a petition with the Georgia Department of Corrections. See Harper v. State Board of Pardons & Paroles, 260 Ga. 132,

133, 390 S.E.2d 592 (1990) ("The duty to award credit for time served lies within the Department of Corrections . . . ."). If the Georgia Department of Corrections refuses to comply with a prisoner's request, he may compel a state official to act by seeking a writ of mandamus in state court. O.C.G.A. § 9-6-20. While a state prisoner challenging the computation of his sentence will ultimately have a right to federal habeas review, the prisoner must first exhaust all available state remedies. 28 U.S.C. § 2254(b)(1)(A).

Petitioner states that he has filed a mandamus action in Fulton County Superior Court that is still pending. Prior to the conclusion of that action, petitioner has not exhausted his state remedies with respect to this issue. His instant motion is premature, and the Court sees no need to burden the state with the obligation of responding to this latest filing. Therefore, his motion to calculate the correct maximum release date should be DENIED.

**SO REPORTED AND RECOMMENDED** this 9TH day of **September, 2005.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA