# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| EDWARD STALEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  Case No. CV405-64 |
| | ) |
| HILTON HALL, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, the Court recommends that the petition be DISMISSED.

### I. BACKGROUND

On May 12, 1999, the Chatham County grand jury returned an indictment charging petitioner with aggravated child molestation (count 1), child molestation (count 2), and enticing a child for indecent purposes (count 3). On April 5, 2002, petitioner pled guilty to all three counts. The trial court sentenced petitioner to 20 years' imprisonment, 12 years and 6

months of which were to be without parole and the remainder to be served on probation. Petitioner did not appeal this conviction.

On February 21, 2003, petitioner filed a state habeas corpus petition in the Superior Court of Mitchell County challenging numerous convictions: the April 5, 2002 Chatham County conviction, an April 22, 2002 Hall County conviction,[1] an August 7, 2002 Cherokee County conviction,[2] a September 14, 1984 Dekalb County conviction,[3] and an October 28, 2002 Dekalb County probation revocation. After two evidentiary hearings held on June 6, 2003 and October 3, 2003, the state court denied habeas relief on March 29, 2004. Resp. Ex. 2. The Georgia Supreme Court denied petitioner's application for a certificate of probable cause to appeal on March 28, 2005. Resp. Ex. 3.

On April 22, 2005, petitioner filed the instant petition, raising the following grounds for relief:

---

[1] Petitioner pled guilty in Hall County to one count of aggravated child molestation and one count of child molestation.

[2] Petitioner pled guilty in Cherokee County to one count of child molestation and one count of enticing a child for indecent purposes.

[3] Petitioner pled guilty in DeKalb County to five counts of child molestation and two counts of cruelty to children.

(1) O.C.G.A. § 16-6-4 and § 16-6-5, the statutes under which petitioner was convicted, are unconstitutional;

(2) (a) O.C.G.A. § 1-3-2 and § 1-3-3(6) modify or define O.C.G.A. § 16-6-4 and § 16-6-5 to require that a relationship of "legitimate descendants" exist between petitioner and his victim, a requirement which was violated because no such relationship existed, thereby leading to:

(b) insufficiency of the evidence;

(c) a guilty plea that was not knowingly or voluntarily entered;

(d) no factual basis to support his guilty plea;

(e) O.C.G.A. § 16-6-4 and § 16-6-5 are unconstitutional as applied;

(f) arrest warrants and indictments that were entirely void;

(3) habeas court denied petitioner a fair and full hearing by failing to resolve obstructions by defendant stemming from alleged violations of state rules and regulations;

(4) habeas court erred in not appointing counsel for petitioner's habeas case;

(5) habeas court denied petitioner a fair and full hearing by abdicating its judicial function and being deliberately biased; and

(6) habeas court denied petitioner a fair and full hearing by not issuing an order addressing each claim for habeas relief separately.

Doc. 1. On July 20, 2005, respondent filed his response to the petition and a brief in support thereof. On August 18, 2005, petitioner filed a traverse and points and authorities in support.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996, signed into law on April 24, 1996, amended 28 U.S.C. § 2254(d) to provide:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The Court must first determine the scope of its review of the state court's legal and factual determinations. In Neeley v. Nagle, 138 F.3d 917, 922-25 (11th Cir. 1998), the Eleventh Circuit outlined a three-step analysis to be applied in reviewing a § 2254 petition. First, a court must determine the "clearly established" law by "'survey[ing] the legal landscape'" at the time the state court adjudicated the petitioner's claim to determine the

applicable Supreme Court authority . . . ." Id. at 923.[4] A legal principle is "clearly established" if "Supreme Court precedent would have compelled a particular result in the case." Id.; see also Hogan v. Hanks, 97 F.3d 189, 192 (7th Cir. 1996) ("[A] rule [is] not 'clearly established' unless it [is] 'compelled by existing precedent.'").

The court must then determine whether a state court's adjudication of the claim was "contrary to" the clearly established Supreme Court precedent. Neeley, 138 F.3d at 923. A decision is "contrary to" the then-existing federal law if the state court either failed to apply the proper Supreme Court precedent or reached a different conclusion than the Supreme Court on substantially similar facts. Id. at 923, 924.

If the state court has applied the proper law, the federal court must then determine whether the state court's adjudication of the claim is an "unreasonable application" of Supreme Court authority. Id. at 924. This provision refers to mixed questions of law and fact. Id.; Drinkard v.

---

[4]Only the rules articulated by the Supreme Court may be considered to determine the reasonableness of a state court decision. Lindh, 96 F.3d at 869; accord Green, 143 F.3d at 874. "This is a retrenchment from former practice, which allowed the United States courts of appeals to rely on their own jurisprudence in addition to that of the Supreme Court." Lindh, 96 F.3d at 869. Furthermore, it is only the holdings, not the dicta, of Supreme Court decisions that constitute "clearly established Federal law" within the meaning of the statute. Williams v. Taylor, 120 S. Ct. 1495, 1523 (2000).

Johnson, 97 F.3d 751, 767 (5th Cir. 1996); Lindh v. Murphy, 96 F.3d 856, 870 (7th Cir. 1996) (en banc), rev'd on other grounds, 117 S. Ct. 2059 (1997).[5] Under this standard of review, a federal court may not grant habeas relief based on its mere disagreement with the state court's decision because "[t]his would amount to de novo review, which Congress clearly did not intend." Neeley, 138 F.3d at 924; see H.R.Conf.Rep. No. 518, 104th Cong., 2nd Sess. 111 (1996), reprinted in 1996 U.S.C.C.A.N. 944, 944 (indicating that § 2254(d)(1) "requires deference to the determinations of state courts that are neither 'contrary to,' nor an 'unreasonable application of,' clearly established federal law"). The Seventh Circuit summarized its interpretation of amended § 2254(d)(1):

> The Supreme Court of the United States sets the bounds of what is "reasonable"; a state decision within those limits must be respected — not because it is right, or because federal courts must abandon their independent decisionmaking, but because the grave remedy of upsetting a judgment entered by another judicial system after full litigation is reserved for grave occasions. That is the principal change effected by § 2254(d)(1).

Lindh, 96 F.3d at 871.

---

[5] The Supreme Court held in Lindh that the standard of review provisions in § 2254(d) do not apply to cases that were pending at the time the AEDPA went into effect.

Noting that two courts "can differ over the proper resolution of a close question without either viewpoint being unreasonable," the Neeley court concluded that a federal court may grant the writ "'only if a state court decision is so clearly incorrect that it would not be debatable among reasonable jurists.'" Neeley, 138 F.3d at 768 (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996). "In effect, a reasonable, good faith application of Supreme Court precedent will immunize the state court conviction from federal habeas reversal, even if federal courts later reject that view of the applicable precedent." Mata v. Johnson, 99 F.3d 1261, 1268 (5th Cir. 1996), vacated in part on other grounds, 105 F.3d 209 (5th Cir. 1997).[6]

---

[6]The Seventh Circuit likewise held that a perfunctory analysis is sufficient as long as the state court's conclusion is reasonable:
> [O]f course the better the job the state court does in explaining the grounds for its rulings, the more likely those rulings are to withstand further judicial review. That is just realism. It doesn't follow that the criterion of a reasonable determination is whether it is well-reasoned. It is not. It is whether the determination is at least minimally consistent with the facts and circumstances of the case.

Hennon v. Cooper, 109 F.3d 330, 334 (7th Cir. 1997) (Posner, J.); see Sweeney v. Parke, 113 F.3d 716, 718 (7th Cir. 1997) (holding state court determination reasonable if minimally consistent with facts and circumstances of case). The court suggested that the term "unreasonable" was stronger than "erroneous" and perhaps stronger than "clearly erroneous." Hennon, 109 F.3d at 334 (citation omitted); see also Holman v. Gilmore, 126 F.3d 876, 882 (7th Cir. 1997) (finding only clear error in applying Strickland would justify granting habeas relief); Berryman v. Horton, 100 F.3d 1089, 1103 (3d Cir. 1996) (finding state court determination reasonable unless it makes "grave error").

The Eleventh Circuit has recognized that the "reasonable jurist" standard, which the <u>Neeley</u> court identified as the third step in applying § 2254(d)(1), was squarely rejected by the Supreme Court in <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S .Ct. 1495, 1521-22 (2000). <u>Parker v. Head</u>, 244 F.3d 831, 835 (11th Cir. 2001). In <u>Williams</u> the Supreme Court held that a federal court applying the "unreasonable application" clause of § 2254(d)(1)

> should ask whether the state court's application of clearly established federal law was *objectively* unreasonable. The federal habeas court should not transform the inquiry into a subjective one by resting its determination instead on the simple fact that at least one of the Nation's jurists has applied the relevant federal law in the same manner the state court did in the habeas petitioner's case.

<u>Williams</u>, 120 S. Ct. at 1521-22 (emphasis added). The court then emphasized that a federal court may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." <u>Id</u>. at 1522. With these considerations in mind, the Court will now turn to petitioner's asserted grounds for relief.

## III. ANALYSIS

### A. Petitioner's Guilty Plea

In ground 2(c), petitioner claims that his guilty plea was not entered into knowingly and voluntarily. Petitioner raised this claim before the state habeas court, which found that the claim lacked merit. Petitioner has not demonstrated that the state court's findings were contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. Therefore, ground 2(c) should be DENIED.

A guilty plea must be intelligently and voluntarily entered into to be valid. Boykin v. Alabama, 395 U.S. 238, 242 (1969). To show that a plea was knowingly and voluntarily entered, the record must demonstrate that petitioner's plea was informed, voluntary, and made with an understanding of the rights he was waiving, specifically the privilege against self-incrimination, the right to trial by jury, and the right to confront one's accusers. Id. at 243.

The state habeas corpus court applied the Boykin standard to petitioner's claim and found that petitioner's plea was made knowingly and voluntarily:

> This Court finds that the evidence is such that the State has carried its burden of showing that Petitioner's pleas were knowingly and voluntarily entered. This Court further finds that Petitioner has failed to offer any credible evidence that his pleas were not knowingly and voluntarily entered and, thus, this Court specifically concludes that Petitioner did understand his rights, knowingly and voluntarily waived those constitutional rights and entered a knowing and voluntary guilty plea under the standard of *Boykin v. Alabama*.

Resp. Ex. 2, p. 3. The Court specifically noted that the trial judge advised petitioner of his constitutional rights in open court prior to taking the plea, and petitioner testified that he read and executed plea questionnaires.

Petitioner has failed to show that the state court's decision does not warrant deference under § 2254(d). The state habeas court expressly relied upon, and correctly applied, the Boykin standard in reaching its conclusion. Therefore, petitioner's claim on ground 2(c) should be DENIED.

### B. Waiver by Entry of Guilty Plea

In grounds 1, 2(a)-2(b), and 2(d)-2(f), petitioner raises a number of claims that, if effective, would negate his guilty plea. Petitioner raised these claims before the state habeas court. The state habeas court found that petitioner's claims on these grounds lacked merit. Petitioner has not demonstrated that the state court's findings were contrary to, or involved

an unreasonable application of, clearly established Supreme Court precedent. Therefore, grounds 1, 2(a)-2(b), and 2(d)-2(f) should be DENIED.

An unconditional guilty plea waives all available defenses and objections other than a challenge to the knowing and voluntary nature of the plea. Tollett v. Henderson, 411 U.S. 258, (1973). The state habeas court recognized this Supreme Court standard and relied on it in making its determination. Resp. Ex. 3, pp. 2-3. The state habeas court specifically noted that "'[a] plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence.'" Resp. Ex. 2, p. 4 (citing United States v. Broce, 488 U.S. 563 (1989)). On the basis of Tollett and Broce, the state habeas court found that the petitioner had no basis for relief on grounds 1, 2(a)-2(b), and 2(d)-2(f).

Petitioner attempts to circumvent this finding by arguing that the statutes under which he was convicted are unconstitutional on their face. The Eleventh Circuit has held that a guilty plea does not foreclose challenging the constitutionality of statutes underlying the conviction. See

United States v. Frandsen, 212 F.3d 1231, 1235-36 (11th Cir. 2000) (in dicta, noting that guilty plea does not foreclose a challenge that statute is unconstitutional on its face); United States v. Palacios-Casquete, 55 F.3d 557, 561 (11th Cir. 1995) (in dicta, noting that guilty plea "does not waive the right of an accused to challenge the constitutionality of the statute under which he is convicted"). The Supreme Court has also recognized that in order to challenge a statute as unconstitutional on its face, the plaintiff "must establish that *no set* of circumstances exists under which the [law] would be valid." United States v. Salerno, 481 U.S. 739, 745 (1987) (emphasis added); Frandsen, 212 F.3d at 1235.

Petitioner claims that O.C.G.A. § 16-6-4 and § 16-6-5 are unconstitutional on their face because they are modified or defined by O.C.G.A. § 1-3-2[7] and § 1-3-3(6)[8] to require that a child molester be related to the child victim. Petitioner makes no logical claim for why the interplay between these statutes renders the enforcement of O.C.G.A. § 16-6-4 and

---

[7] O.C.G.A. 1-3-2 states: "As used in this Code or in any other law of this state, defined words shall have the meanings specified, unless the context in which the word or term is used clearly requires a different meaning to be used."

[8] O.C.G.A. 1-3-3(6) contains the following definition: "'Child' or 'grandchild' means legitimate descendants."

§ 16-6-5 unconstitutional, and he clearly fails to meet the test set forth in Salerno for challenging the constitutionality of a statute on its face. Even if these statutes are given the reading petitioner urges, there is an obvious set of criminals against whom the statute would be unquestionably constitutional: those who are convicted of molesting a child who is a "legitimate descendant." Thus, petitioner's claim that O.C.G.A. § 16-6-4 and § 16-6-5 are unconstitutional on their face must fail.

Furthermore, O.C.G.A. § 16-6-4 and § 16-6-5 are not unconstitutional with respect to the plaintiff, either on their face or in application. Petitioner ignores the plain language of O.C.G.A § 1-3-2, which states that where the context of a word "clearly requires a different meaning to be used," then the definitions of O.C.G.A. § 1-3-3 are not applicable. O.C.G.A. § 16-6-4 and § 16-6-5 set forth the elements of the criminal offenses for child molestation, aggravated child molestation, and enticing a child for indecent purposes. The context of these statutes shows that the word "child" is intended to denote a minor under the age of 16. "Child" is a label used to define the victim as a person of a certain age. O.C.G.A. § 1-3-3(6) clearly contemplates the use of the term "child" in sections of the code

concerning issue, not age. This is clear from the co-term "grandchild" and the definition as legitimate descendant. These terms are cearly defined as related to statutes involving inheritance, dependency, and other laws where legitimacy and lineal relationship to a parent or grandparent may be relevant. For code sections using the word "child" in a context other than inheritance or dependency, O.C.G.A. 1-3-3(6) simply does not apply. O.C.G.A. § 1-3-2. The use of the word "child" in O.C.G.A. § 16-6-4 and § 16-6-5 was clearly intended as a synonym for "minor" or "youth," and there is nothing to suggest that the legislature intended to criminalize only the molestation of children related to the perpetrator. Such a construction would render the law an absurdity. This result is clear from Georgia Supreme Court cases that have upheld the constitutionality of O.C.G.A. § 16-6-4 and § 16-6-5 in considering the convictions of child molesters when there was no legitimate descendant relationship between the molester and victim. See Phagan v. State, 286 Ga. 272, 272-77, 486 S.E.2d 876 (1997) (upholding constitutionality of O.C.G.A. § 16-6-4 for criminal who had consensual sex with unrelated fifteen-year-old girl); Millhollan v. State, 212 Ga. 165, 167-70, 143 S.E.2d 730 (1965) (upholding validity of predecessor

to O.C.G.A. § 16-6-5 against three defendants who molested the same girl).

As the statutes are not unconstitutional, petitioner may not challenge them following his guilty plea. The state court expressly followed Supreme Court precedent, and its decision was not an unreasonable application of that precedent. Therefore, petitioner's claims on grounds 1, 2(a)-2(b), and 2(d)-2(f) should be DENIED.

### C. Failure to State a Claim

In grounds 3, 4, 5, and 6, petitioner raises errors allegedly committed by the state habeas court. Alleged defects in a collateral proceeding, such as the state habeas corpus proceeding in this case, are not a valid basis for habeas relief because such relief is only available for defects in a criminal defendant's conviction and sentence. Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987). Therefore, petitioner's claims on grounds 3, 4, 5, and 6 should be DENIED.

A state habeas corpus proceeding is a collateral proceeding involving an attack upon the validity of a conviction and sentence. 28 U.S.C. § 2254; Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Federal habeas relief will not lie for defects in the state habeas proceeding. Quince v. Crosby, 360

F.3d 1259, 1261-62 (11th Cir. 2004) (citing Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir. 1995)); Spradley, 825 F.2d at 1568. When defects in a state habeas corpus proceeding are so egregious as to deny the defendant a "full, fair and adequate" hearing, the state court decision will lose the presumption of correctness afforded by 28 U.S.C. § 2254(d). Hardwick v. Crosby, 320 F.3d 1127, 1158-60 (11th Cir. 2003) (noting that the presumption is rebutted if one of the eight exceptions to the former § 2254(d) apply, including § 2254(d)(2)).

In grounds 3, 4, 5, and 6, petitioner states claims that are not cognizable as grounds for federal habeas relief. In ground 3, petitioner claims that the state habeas court failed to protect his right to research, prepare, and present his habeas petition without obstruction from his prison warden and the state. Petitioner alleges various acts by the warden to deprive him of legal research and access to legal authorities, as well as violations of regulations under the Georgia Department of Corrections Standard Operating Procedure. Petitioner has not shown how, even if these allegations were true, the state habeas court deprived petitioner of a full and fair hearing.

In ground 4, petitioner claims that the state habeas court denied him a full and fair hearing by failing to appoint counsel.[9] There is no federal constitutional right to the appointment of counsel for indigents in a state habeas corpus proceeding. Pennsylvania v. Finley, 481 U.S. 551, 557-58 (1987). Furthermore, such a denial is an attack on the collateral proceeding, not his conviction, and is not appropriate for habeas relief. See Kirby v. Dutton, 794 F.2d 245, 247 (6th Cir. 1986) (finding no basis for review of petitioner's claim of denial of Sixth Amendment right to effective assistance of counsel). Petitioner should not be afforded any relief on ground 4.

In ground 5, petitioner claims he was denied a full and fair hearing because the state habeas court abdicated its judicial function and was biased. Specifically, petitioner claims that the court made decisions without considering the law, failed to order the warden to supply petitioner with legal writing supplies, and failed to take action against the alleged mischaracterization of the law by the warden's attorney. Petitioner has not

---

[9]The Court notes that petitioner, in his points and authorities in support of his traverse to respondent's answer, does not claim a Sixth Amendment right to counsel but rather a right under the 1983 Georgia Constitution. This Court, however, sits to grant habeas corpus relief on claims "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).